UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DANNY FERGUSON,<br>Petitioner | 5:21-cv-5043 |
| vs. | MEMORANDUM<br>AND ORDER |
| UNITED STATES OF AMERICA,<br>Respondent | |

Pending before the Court is Petitioner's motion pursuant to 28 U.S.C. §
2255 (Doc. 1).  The Government has moved to dismiss (Doc. 18, 19).

I.  Background

Petitioner was convicted by a jury of arson, 18 U.S.C. §§ 81 and 1153.  He
was sentenced to time served and a period of supervised release.  The situation
giving rise to the conviction occurred on April 8, 2015, when a neighbor of
Petitioner's smelled smoke at her trailer.  She and her son had glimpsed Petitioner
ride past their window shortly before, and testified he was the person who stuffed a
blanket under the outside of the trailer before they saw flames erupt.  Petitioner
raised an alibi defense, which was testified to by his wife, mother, and other

1

relatives.  There was evidence of Petitioner's prior head injury and of his intellectual functioning.

Following the guilty verdict, Petitioner moved for a Judgment of Acquittal and for New Trial, which were denied. *United States v. Ferguson*, 2018 WL 6308692 (D.S.D. 2018).   After denial of his motion, Petitioner was sentenced on April 1, 2019, to time served (19 months) and three years of supervised release. Petitioner appealed, focusing on the circumstances of his making statements to FBI agents and a polygraph examination. *United States v. Ferguson*, 970 F.3d 895, 900-02 (8th Cir. 2020).  Petitioner also challenged the sufficiency of the evidence. *Id.*, at 902-03.  The Eighth Circuit denied relief.  It determined Petitioner was not in custody when he made statements to the FBI agents and his intellectual functioning did not render his statements involuntary. *Id.* at 901-02.  The court held the evidence was sufficient to prove the elements, considering Petitioner's statements, the eyewitness testimony, testimony in support of the alibi, testimony concerning credibility of witnesses for the prosecution and defense, and the court's instructions to the jury on how to evaluate witness testimony. *Id.* at 903.

In this Court, Petitioner alleges three grounds in support of his § 2255 motion.  First, he alleges counsel was ineffective at trial in not presenting all available evidence of his alibi. (Doc. 1, PgID 2).  He alleges counsel was ineffective in not presenting evidence of his "mental incompetence."  (Id., PgID 3).

2

Finally, he alleges he was deprived of a fair trial because all available evidence of his presence elsewhere than at the scene of the fire was not presented. (Id.)

II. Legal Standard

    A.  Motion pursuant to 28 U.S.C. § 2255

In accordance with 28 U.S.C. § 2255, "[a] prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Id. § 2255(a). See *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019) (§ 2255 may provide relief for jurisdictional error, constitutional error, or error of law). If an error of law constitutes a "fundamental defect which inherently results in a complete miscarriage of justice," the court may grant relief. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011).

Because Petitioner's term of supervised release expired on March 31, 2022, his case raises the question whether relief under § 2255 is authorized. The Government presents the option of dismissal based on mootness because Petitioner is no longer in custody, as required by § 2255. (Doc. 19, PgID 47). The Supreme Court has held that federal courts are "without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v.*

*Rice*, 404 U.S. 244, 246 (1971) (per curiam). Courts have recognized, however, that a presumption arises that a wrongful conviction carries "collateral consequences sufficient to create an Article III case or controversy." *Beachem v. Schriro*, 141 F.3d 1292, 1293 (8th Cir. 1998) (citing *Sibron v. New York*, 392 U.S. 40, 55-56 (1968)). That is the case even with respect to "collateral consequences that are remote and unlikely to occur." *Beachem*, 141 F.3d at 1293 (citing *Spencer v. Kemna*, 523 U.S. 1, 8 (1998)).

Petitioner filed his § 2255 Motion on July 23, 2021. He was under supervised release at that time and continued to be so until March 31, 2022. Therefore, he was "in custody" for purposes of § 2255 at the time he filed. See *United States v. O'Berry*, 2012 WL 2768430, *1 (D.N.D. 2012) (citing *Jones v. Cunningham*, 371 U.S. 236 (1963) (parolee is in custody); *Matus-Leva v. United States*, 287 F.3d 758 (9th Cir. 2002) (supervised release is custody for purposes of § 2255); *United States v. Brown,* 117 F.3d 471, 475 (11th Cir. 1997) (same)). See also *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) (person obliged to only pay restitution is not in custody). Furthermore, Petitioner does not challenge his sentence; he challenges his conviction as wrongful. Because Petitioner may suffer collateral consequences from his conviction, the Court determines his motion is not moot and proceeds to resolve it on the merits.

B. Motion to Dismiss—F.R.C.P. 12(b)(6)

4

The Government has moved to dismiss Ferguson's motion under F.R.C.P. 12(b)(6). (Doc. 18). The standard governing dismissal of a motion to dismiss was set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) as follows: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). See *Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 715 (8th Cir. 2022) (dismissal proper where factual allegations failed to state a plausible claim for relief and amounted to only a possibility that relief was warranted); *Faulk v. City of St. Louis*, 30 F.4th 739, 744 (8th Cir. 2022) (quoting *Iqbal* standard and reversing denial of motion to dismiss).

C.  Ineffective Assistance of Counsel

Ineffective assistance of counsel serves as part of the basis for Petitioner's § 2255 motion, thus invoking the two-part standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). First, petitioner must establish that counsel's performance was "deficient," meaning it "fell below an objective standard of reasonableness." *Id.* at 687-88. A mere assertion of ineffectiveness is insufficient. Rather the movant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* See also *Collins v. United States*, 28 F.4th 903, 906 (8th Cir. 2022). The court presumes counsel's representation was reasonable. *Thomas v.*

*United States,* 737 F.3d 1202, 1207 (8th Cir. 2013).   This means the court "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" to which a criminal defendant is entitled. *Meza-Lopez v. United States,* 929 F.3d 1041, 1044 (8th Cir. 2019) (quoting *Strickland,* 466 U.S. at 689).   Counsel's performance is evaluated on the facts of the case, "viewed at the time of counsel's conduct." *Strickland,* 466 U.S. at 690.  See also *Adejuma v. United States*, 908 F.3d 357, 361 (8th Cir. 2018) (risk to defendant from his perjury apparent only in hindsight); *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002) (cautioning against "second guessing").

A petitioner has a second burden to address when alleging ineffective assistance of counsel.   As *Strickland* held, the individual "must show that the deficient performance prejudiced the defense." 466 U.S. at 687.   In practice, this means the individual must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Allen v. United States*, 854 F.3d 428, 432 (8th Cir. 2017) (quoting *Strickland,* 466 U.S. at 694). See also *Theus v. United States*, 611 F.3d 441, 446 (8th Cir. 2010).

Strategic decisions by counsel are "virtually unchallengeable" unless they resulted from inadequate investigation. *Strickland,* 466 U.S. at 690.  See also *Meza-Lopez v. United States*, 929 F.3d 1041, 1044-45 (8th Cir. 2019); *Chavez-*

6

*Cruz v. United States*, 2018 WL 2383156, *2 (D. S.D. 2018); *Pippenger v. United States*, 2012 WL 3206244, *1 (D. S.D. 2012).

The *Strickland* standard applies not only to trial, but to the first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985); *Pippenger*, 2012 WL 3206244, *1.

II. Petitioner's Claims

*Ground 1*-- Petitioner alleges ineffective assistance of counsel in that counsel did not introduce evidence "that was provided to him prior to trial" in support of Petitioner's alibi which would have shown that he "could not have been present at the time that the arson was allegedly committed." (Doc. 1, PgID 2). Petitioner does not specify what this evidence was. According to defense counsel's affidavit, one piece of evidence Petitioner apparently is referring to is a receipt from a store, which Petitioner says he gave defense counsel early in the case. (Doc. 13, PgID 25). The second is that Petitioner gave defense counsel the name of a police officer Petitioner claims to have conversed with during the time the arson was committed. (Id.). Defense counsel responded that he had no recollection of ever having received a receipt from Petitioner. (Doc. 13, PgID 25). He also asserted that Petitioner gave him the name of the police officer after trial. (Id.). By that point, trial was concluded, counsel had presented extensive

7

testimony in support of the alibi, and there was no proof of the conversation available. (Id.).

In support of Petitioner's alibi defense at trial, three witnesses were called by the defense, including Petitioner's wife, mother, and a cousin. Their testimony was that Petitioner was with them at the time of the fire and could not have been the perpetrator. *Ferguson,* 2018 WL 6308692, *8. The witnesses were impeached based partly on inconsistencies and partly on evidence of bias. *Id.* Other evidence to support the alibi witnesses' account also was presented. *Id.* The eyewitnesses to the arson were cross-examined by the defense, and their animosity toward Petitioner was highlighted, as was pertinent character evidence pertaining to one of them. *Id.*

In counsel's response to Petitioner's Motion, he avers that any additional evidence of the alibi would have been duplicative. (Doc. 13, PgID 25). This court agrees. Both a store receipt and conversation would have occurred in the town of Kyle, approximately six miles from the location of the arson. There is nothing to establish that Petitioner could not have been in both locations during the course of the late afternoon when the arson occurred. Furthermore, counsel cannot introduce evidence of which he is unaware at the time of trial.

Petitioner has failed to establish that counsel's performance in presenting the evidence of alibi was deficient under the *Strickland* standard. Counsel called the

witnesses who could provide details of their contact with Petitioner. Counsel cross-examined the eyewitnesses to the arson to endeavor to establish they could not identify Petitioner as the perpetrator. As the Eighth Circuit determined, the jury was the judge of the credibility of the witnesses and there was sufficient evidence to support its guilty verdict. 970 F. 3d at 903.

Petitioner's motion for relief under § 2255 on Ground 1 is denied as no ineffective assistance of counsel has been shown.

*Ground 2* – Petitioner alleges ineffective assistance of counsel in that counsel "did not present evidence of my mental incompetence to be convicted of the charge of arson." (Doc. 1, PgID 3). Counsel was aware that Petitioner had experienced a head injury several years before trial and that Petitioner had some problems with intellectual functioning. (Doc 13, PgID 25). In preparation for trial, counsel requested a psychiatric evaluation. (5:15-cr-50082, Doc. 32). The trial court held a competency hearing. (Id., Doc. 50). The court was provided the report from the psychologist who had conducted the examination of Petitioner and had concluded he was competent to stand trial and assist in his defense. (Id., Doc. 35). The court held that Petitioner was competent in that he understood the nature of the proceedings and was able to assist in his defense. (Id., Doc. 50).

At trial, counsel called a psychologist to testify about Petitioner's intellectual functioning from an early age. (5:15-50082, Doc. 135, PgID 874). The

psychologist discussed Petitioner's head injury from the year 2000, (id.), and

highlighted his memory problems. The psychologist discussed the results of his

own testing and prior testing of Petitioner, (id., PgID 876-78), and Petitioner's

functioning in certain respects at a fifth or sixth grade level. (Id., 877).  The

psychologist's testimony was a significant part of the defense case. (Id., PgID 872-

95).  As defense counsel noted in his affidavit, the psychologist did not determine

Petitioner was "incompetent," and therefore could not have presented such

testimony. (Doc 13, PgID 25). On the contrary, the testimony was that Petitioner

was competent and counsel pursued the case with that understanding.

Petitioner has failed to establish that defense counsel's performance with

respect to the mental competence issue was deficient under *Strickland*.  Further

there is no evidence Petitioner was prejudiced under the *Strickland* standard.

Petitioner's motion for relief pursuant to § 2255 on Ground 2 is denied as no

ineffective assistance of counsel has been shown.

*Ground 3*—Petitioner alleges he was deprived of a fair trial "by the absence

of available evidence being presented showing that I was at other places at the time

that the [sic] any arson was committed and could not have committed the crime of

arson." (Doc. 1, PgID 3).

In Ground 1 the Court has addressed the use of alibi evidence at Petitioner's

trial and determined counsel was not ineffective in not introducing the additional

evidence Petitioner has asserted should have been introduced.  The Eighth Circuit considered Petitioner's claim a judgment of acquittal should have been entered and denied relief.  970 F. 3d at 903.  In doing so, it canvassed the evidence introduced at trial including Petitioner's statements of culpability and remorse and the alibi witness testimony.  In the court's view, the evidence was sufficient to convict.  In discussing the evidence of alibi, the court commented that the jury, after proper instructions from the trial judge, chose to credit the eyewitness testimony rather than the Petitioner's alibi witnesses' testimony.  The jury had the prerogative to do so.

Like the Eighth Circuit, this Court recognizes that the jury believed the eyewitnesses rather than the alibi witnesses and had the option to do so.  The Court discerns no evidence that leads to the conclusion Petitioner was deprived of a fair trial.

Petitioner's § 2255 motion pursuant to Ground 3 is denied.

III.  Evidentiary Hearing and Certificate of Appealability

If the motion, files, and records of the case conclusively establish that the petitioner is not entitled to relief, the court can dispense with an evidentiary hearing. *See Garcia v. United States,* 679 F.3d 1013,1014 (8th Cir. 2012). There is no need for an evidentiary hearing in this case because it is clear from the record that Petitioner's claims do not warrant relief under 28 U.S.C. § 2255. *Walker*, 810 F.3d

at 580 (affirming denial of evidentiary hearing where no further factual development needed).

When the district court has denied a motion under 28 U.S.C. § 2255, the Petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). A "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir.1997). Petitioner has not made a substantial showing of the denial of a constitutional right and the certificate of appealability will not issue.

CONCLUSION

Petitioner's claims of ineffective assistance of counsel and denial of a fair trial lack merit. His evidence of alibi and decreased intellectual functioning were presented to the jury, which nevertheless found him guilty of arson. Therefore, he is not entitled to relief under 28 U.S.C. § 2255 and his motion for relief (Doc. 1) is denied. The Government's motion to dismiss (Doc. 18) is granted.

Accordingly, IT IS ORDERED that Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is denied and the Government's motion to dismiss is granted.

Dated this _28th_ day of October, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK